# EXHIBIT 3



FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JAN 14 2021

RICK WARREN
COURT CLERK

109 _____

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| **ROCHELLE KING,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CJ-2021-178 |
| **ISS FACILITY SERVICES, INC.** | ) ) |
| Defendant. | ) ) |

## PETITION

COMES NOW Plaintiff, Rochelle King (hereinafter Plaintiff) for her cause of action against Defendant, ISS Facility Services, Inc. (hereinafter Defendant), and states as follows:

### THE PARTIES

1. Plaintiff was a citizen and resident of Oklahoma County, Oklahoma at the time of the incident hereinafter described.

2. Defendant is a foreign for profit business corporation doing business in Oklahoma County, Oklahoma at the time of the incident hereinafter described.

### JURISDICTION AND VENUE

3. This is an action arising from a slip and fall incident that occurred in Oklahoma County, Oklahoma, when Defendant was negligent in causing the incident that is the subject of this action.

4. This Court has jurisdiction over the parties hereto, jurisdiction of the subject matter hereof, and venue is proper.

### THE CAUSE OF ACTION

5. Defendant had a contract that created a duty to inspect, police, clean, and maintain a property owned by the Oklahoma City Airport Trust.

6. On September 17, 2019, Plaintiff slipped and fell when Defendant failed to maintain said property in a reasonably safe condition.

7. The slip and fall occurred inside the Will Rogers World Airport, located at 7100 Terminal Dr., Oklahoma City, Oklahoma.

8. Plaintiff, an invitee, was walking in the airport when she suddenly and unexpectedly slipped and fell on the slippery floor.

9. The significant impact from the fall hurt Plaintiff and caused the injuries and damages to her that are described below.

10. At all times Plaintiff was acting in a safe and prudent manner.

11. At the time of the fall, Will Rogers World Airport was contracted with Defendant ISS Facility Services, Inc. for cleaning services and maintenance; and all responsibility falls with Defendant by contract.

## DUTIES OWED BY DEFENDANT

12. Defendant was required to follow the safety rule of making a reasonable effort to keep the airport floors safe and free of any slippery condition that might be a danger to Plaintiff and others.

13. Defendant was required to follow the safety rule of inspecting the airport for hazards that might cause Plaintiff or others to slip or fall.

14. Defendant was required to follow the safety rule of inspecting areas of the airport that they know could be slippery for hazards that might cause Plaintiff or others to slip or fall.

15. Defendant was required to follow the safety rule of warning customers of any hazards that Defendant knows or should know about but that customers may be unaware of, for the safety of Plaintiff and others.

16. Defendant was required to follow the safety rule of using ordinary care for the safety of Plaintiff and others.

17. Defendant was not allowed to endanger Plaintiff or anyone else by violating the safety rules listed above.

## DUTIES VIOLATED BY DEFENDANT

18. At the time of the slip and fall, Defendant violated the duty to follow the safety rule of making a reasonable effort to keep the airport floors safe and free of any slippery condition that might be a danger to Plaintiff and others.

19. At the time of the slip and fall, Defendant violated the duty to follow the safety rule of inspecting the airport for hazards that might cause Plaintiff or others to slip or fall.

20. At the time of the slip and fall, Defendant violated the duty to follow the safety rule of inspecting areas of the airport that they know could be slippery for hazards that might cause Plaintiff or others to slip or fall.

21. At the time of the slip and fall, Defendant violated the duty to follow the safety rule of warning customers of any hazards that Defendant knows or should know about but that customers may be unaware of, for the safety of Plaintiff and others.

22. At the time of the slip and fall, Defendant violated the duty to follow the safety rule of using ordinary care, which endangered the safety of Plaintiff and others.

23. At the time of the slip and fall, Defendant endangered Plaintiff and others by failing to follow the safety rules listed above.

## CAUSATION OF PLAINTIFF'S INJURIES AND DAMAGES

24. The injuries and damages sustained by Plaintiff, more particularly described below, were produced in a natural and continuous sequence from Defendant's violation of the above described independent duties of ordinary care for the safety of Plaintiff.

25. The injuries and damages sustained by Plaintiff were a probable consequence from Defendant's violation of the above described independent duties of ordinary care for the safety of Plaintiff.

26. Defendant should had foreseen and anticipated that a violation of the above described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Plaintiff.

27. If Defendant had not violated the above described independent duties to use ordinary care for the safety of Plaintiff, then the Plaintiff's injuries and damages would not have occurred.

## COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF

28. The injuries and damages sustained by the Plaintiff as a result of Defendant's violations of the above described safety rules, include but are not limited to the following:

3

Pursuant to the provisions of 12 O.S. §3226(A)(2)(a), Plaintiff submits this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiff advises that all damages recoverable by law are sought, including those listed in OUJI3d 4.1. Plaintiff advises that under item (I), Plaintiff currently has suffered loss of earnings in the approximate amount of $28,436.20, which amount is subject to increase. Under item (K), Plaintiff's medical bills total $129,818.53, which amount is subject to increase. At this point, Plaintiff does not know the amount of future medical expense. These items are among the elements for the jury to consider in fixing the amount of damages to award to Plaintiff. Other than the amounts which Plaintiff has specifically identified, and which are capable of being ascertained to some degree of certainty, Plaintiff is unable to guess or speculate as to what amount of damages a jury might award. The elements for the jury to consider include the following:

    A. Plaintiff's physical pain and suffering, past and future;
    B. Plaintiff's mental pain and suffering, past and future;
    C. Plaintiff's age;
    D. Plaintiff's physical condition immediately before and after the accident;
    E. The nature and extent of Plaintiff's injuries;
    F. Whether the injuries are permanent;
    G. The physical impairment;
    H. The disfigurement;
    I. Loss of [earnings/time];
    J. Impairment of earning capacity;
    K. The reasonable expenses of the necessary medical care, treatment, and services, past and future.

## PUNITIVE DAMAGES

29. That Defendant's actions or inactions were so gross and reckless that they should be punished to protect others.

30. The Plaintiff is entitled to recover compensatory and punitive damages from Defendant as a result of their negligent, grossly negligent and reckless conduct in this action.

## AMOUNT OF DAMAGES

31. Plaintiff's injuries and damages are in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs and all such other and further

relief for which should be awarded as judgment against Defendant in an amount to fully and fairly compensate Plaintiff for each and every element of damages that has been suffered, including punitive damages.

## RESERVATION OF ADDITIONAL CLAIMS

32.     Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff, Rochelle King, prays for judgment against the Defendant, ISS Facility Services, Inc. in a sum in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus interest, costs, punitive damages, and all such other and further relief as to which Plaintiff may be entitled.

Respectfully submitted,

WARHAWK LEGAL

_/s/ Joe Carson_

Joe Carson, OBA#19429
127 N.W. 10th St.
Oklahoma City, OK 73103
Telephone: (405) 397-1717
Facsimile: (405) 241-5222
E-mail: joe@warhawklegal.com
*Attorney for Plaintiff*

**ATTORNEY LIEN CLAIMED**

5